UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| JOSEPH OBER, | ) CV 10-10032-DMG (SHx) |
| Plaintiff, | ) ORDER ON REMAINING |
| | ) DISCOVERY DISPUTES |
| v. | ) RELEVANT TO IN LIMINE |
| | ) MOTION #5 |
| COUNTY OF LOS ANGELES, et al., | ) |
| Defendants. | ) |

**A.    Violation No. 1:   The addresses and telephone numbers of inmates who may have witnessed the beating.**

For each inmate who was in IRC on Aprl 14, 2010, at any time between the hours of 12 noon and 4 p.m., Defendant County of Los Angeles shall produce the following information:

1.    The name and booking number of the inmate;

2.    Each recorded address for the inmate;

3.    Each recorded telephone number for the inmate; and

      4.      Each time stamp or time of day showing the lcation of the inmate iwthin the IRC.

**B.      Violation No. 2:      All records of "incidents form January 1, 2007 through April 14, 2010 in which there was an allegation that IRC inmate injuries were cased by a County employee".**

For each inmate who was alleged to have been injured by a County employee in the IRC between January 1, 2007 and April 15, 2010, Defendant County of Los Angeles shall produce the following:

      1.      All records relating to each incident.  The documents produced shall not be limited to documentation in the form of an "Office Memorandum," 'Office Correspondence' or "Captain's Memorandum,' but shall also include medical records, internal affairs reports, use of force reviews, use of force review boards, and relevant documents in the deputy personnel files and PPI.

**C.      Violation No. 3: Failure to "provide additional interrogatory responses and documents regarding Restrictions and Limitations on the Use of Telephones" including "limitations on the telephones, or telephone numbers, or persons, who may be called; limitations on the duration(s) of calls; limitations on the number of calls which may be made; and, any recordings played at the commencement or during phone calls."**

Defendant County of Los Angeles shall respond fully, without objection to following:

      1.      Plaintiff's Interrogatories Nos. 16 and 17 by describing fully all limitations on an inmate's access to telephones in the IRC, along with the reasons for each limitation, and by producing all documents which refer or relate to any such limitation.

2. Produce copies of the sound recordings which preceded inmate calls from the IRC in April 2010.

**D.   Violation No. 4: Failure to provide each "Chief's memorandum" from January 1, 2006, to date which relates to any incident "in which an IRC inmate alleged violence by a deputy sheriff or custody assistant."**

Defendant County of Los Angeles shall produce the following:

1. All "Chief's Memoranda" from January 1, 2006 to the date of this Order which relates to any incident in which an IRC inmate alleged violence by a Deputy Sheriff or custody assistant.

**E.   Violation No. 5: Failure to Provide Reports Defendant Submitted to Sheriff Baca for Consideration.**

Defendant shall produce every study, report analysis, survey and writing authored, prepared considered or provided to defendant Sheriff Baca relating to any of the following matters:

a. Violence by defendant sheriffs or custody assistants in jails;
b. Violence by deputy sheriffs or custody assistants in IRC;
c. IRC;
d. Reducing violence by deputy sheriffs and custody assistants;
e. Training custody assistants, deputies and supervisors for working in jails;
f. Training custody assistants, deputies and supervisors for working in jails;
g. Restrictions and limitations on telephones provided for LASD jail inmates;
h. Restrictions and limitations on telephones provided for persons being processed through IRC;
i. Complying with California Administrative Code Title 14; and
j. Video surveillance and recording in jails.

F. **Violation No. 6: Defendant's failure to produce its responses to reports of IRC inspections by the Corrections Standards Authority or the Board of Corrections for "the period of January 1, 2007 to the date of production."**

Defendant County of Los Angeles shall produce the following:

1. All correspondence and other written responses to reports of IRC inspections by the Corrections Standards Authority or the Board of Corrections for the period of January 1, 2007 to the date of production.

G. **General Provisions**

Each response by Defendant County of Los Angeles shall be accompanied by a Declaration or verification by the appropriate official(s) of the County of Los Angeles or the Los Angeles County Sheriff's Department that a diligent search has been undertaken and that all responsive information has been provided and documents produced. In any case where no responsive document is located after a diligent search, the declaration or verification shall so state. Following compliance with this Order, counsel for Defendants shall meet in good faith with counsel for plaintiff and address any issues raised by Plaintiff forthwith with the goal of resolving them without any further court intervention.

## **CONCLUSION**

The Court will consider issue preclusion and other sanctions, including a terminating sanction, in addition to ordering further responses.

The Court requests Plaintiff submit detailed records and a request for financial sanctions.

DATED: <u>July 30, 2013</u>

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE