FILED
CLERK, U.S. DISTRICT COURT
MAR 27 2014
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| JOSEPH OBER, | ) CV 10-10032-DMG (SHx) |
|     Plaintiff, | ) RECOMMENDATION OF MAGISTRATE |
| v. | ) JUDGE AS TO PLAINTIFF'S MOTION |
| COUNTY OF LOS ANGELES, et al., | ) IN LIMINE #5 |
|     Defendants. | ) |

## I. BACKGROUND

Plaintiff filed his Complaint on December 29, 2010, claiming personal injuries as a result of being beaten by deputies in the Inmate reception Center (IRC) of the Los Angeles jail in retaliation for his protesting the denial of telephone access. Plaintiff prosecuted his claim diligently over the first eight months, successfully opposing three motions to dismiss, making initial disclosures, serving preliminary written discovery to identify the involved parties, and twice amending his Complaint.

On September 20, 2011, plaintiff served interrogatories and request for production

directed primarily toward (1) identifying the IRC inmates who were in the right place at the right time to have witnessed the altercation, and (2) proof of his claim that the County of Los Angeles, through its then policy maker Sheriff Lee Baca, maintained customs and practices that were deliberately indifferent to the rights of arrestees and other IRC inmates.  After two stipulated extensions, defendant responded almost entirely with objections. District Judge Gee set discovery cut-off for March 20, 2012, with jury trial on July 24, 2012.

        Plaintiff moved expeditiously to meet and confer on the discovery objections. Eventually plaintiff fled his motion to compel further responses with a Joint Stipulation on February 27, 2012.  That same day, defense counsel hand-delivered some responsive documents.  On March 14, 2012, the magistrate judge issued the first Order compelling further answers and production.  There was no compliance date set.

        Almost two months later, with trial approaching and the ordered discovery incomplete, on May 8, 2012, plaintiff filed an ex parte application for an order setting a deadline for defendant's compliance.  On May 14, 2012, the magistrate judge ordered that "defendants shall forthwith advise plaintiff with a date certain for total discovery order compliance."  Defendants never did so advise plaintiff, and did not fully comply with the discovery Order.

        In response to another ex parte by plaintiff, on May 31, 2012, Judge Gee continued the trial date to October 23, 2013, and ordered defendants to "provide all discovery ordered by the magistrate judge in no less than 30 days . . . Failure to do so may result in the imposition of sanctions in connection with a timely and targeted Motion *In Limine*."  Because defendants did not "provide all discovery ordered by the magistrate judge" within 30 days-or thereafter-plaintiff filed his Motion *In Limine* No. 5, seeking issue and evidentiary sanctions that would result in a liability verdict in plaintiff's favor, in effect a terminating sanction.  On September 25, 2012, the District Court vacated the trial date and referred the *in Limine* motion to the magistrate judge for recommendation.

There was a delay for several months unrelated to any discovery matters. Following briefing and oral argument, on July 30, 2013, the magistrate judge again ordered further responses including responses to two interrogatories and further production of documents in six categories. In conclusion, the magistrate judge stated: "The court will consider issue preclusion and other sanctions, including a terminating sanction, in addition to ordering further responses," and requested that "plaintiff submit detailed records and a request for financial sanctions."

As shown by the three joint status reports field by the parties, defendants have by their own admission still have not provided all the discovery ordered.

Status Reports regarding defendants' torturous compliance with the Magistrate Judge's orders were filed on September 23, 2013, December 30, 2013 and February 3, 2014. Finally, defendant filed a "Declaration of Harold G. Becks Re: Full Compliance of Defendants with court's July 30, 2013 order" on March 10, 2014. Plaintiff's counsel John Burton filed a responsive Declaration on March 19, 2014, in which he disputed that there had been <u>full</u> compliance.

As of the date of this Order, the court finds that there still has not been full compliance with <u>all</u> of the court's Orders. Because the Pretrial Conference is quickly approaching, the court believes it imperative to summarize the current discovery status and make a recommendation as to *In Limine* Motion #5. The court recognizes that compliance <u>may</u> be completed in the next few weeks. However, the sanctions recommended herein are not dependent on what additional discovery compliance may occur.

**Summary of March 14, 2012 and July 30, 2013 Orders and Violations Thereof:**

1.  <u>Telephone Numbers of Witnesses</u>

On March 14, 2012 defendants were ordered to provide addresses and telephone numbers of former IRC inmates who may have witnessed the subject matter.

Defendants produced the names and addresses, but <u>without all available (from any source) telephone numbers</u> of 321 inmates. On July 30, 2013 defendants were ordered to provide more detailed information regarding the IRC inmates who may have been witnesses. As of this date, all but 37 arrest reports have been produced. Not all available telephone numbers have been produced.

    2.    <u>Use of Force on IRC Inmates</u>

On March 14, 2012, defendants were ordered to provide documents regarding incidents from January 1, 2007 to April 14, 2010 in which an IRC inmate was allegedly injured by a County employee, including inmate names and medical reports. Defendants were ordered to identify any prosecution of a deputy sheriff or custody assistant for violence on any inmate.

Defendants thereafter provided incomplete records. The documents produced related only to minor assaults, and documented only minor injuries. Plaintiff alleged that defendants failed to provide documentation of incidents involving more serious injuries, which deprived plaintiff of substantial evidence which may tend to show that defendant County of Los Angeles has a policy and practice of failing to properly care for inmates and failing to properly supervise and discipline its deputies. Plaintiff cited use of force statistics for IRC that allegedly showed a much greater number of incidents during that time period.

Defendants responded that plaintiff already had a "plethora of evidence," and that plaintiff mistakenly believed more than use of force reports existed (noting that not every use of force resulted in an injury). On July 30, 2013, defendants were re-ordered to provide records relating to all such incidents. As of this date, no relevant deputy personnel files or PPI printouts have been produced.

///
///
///
///

### 3. Limitations on Telephones

Defendants were ordered to provide interrogatory responses and documents regarding restrictions and limitations on the use of telephones as follows: Interrogatories 16 and 17 were ordered to be answered without objections. RFPs 37 and 38 were ordered to be responded to without objections.

Defendants thereafter failed to supply the responses to the interrogatories on the details of imitations on the use of telephones, and failed to offer a rationale as to why. Defendants contended that failure to respond was inadvertent and plaintiff would be served answers to the interrogatories. On July 30, 2013, defendants were again ordered to produce such information. As of this date, defendants have fully complied.

### 4. Chief's Memoranda

In the May 14, 2012, Order, defendants were ordered to produce the subject documents.

Plaintiff contended that failure to produce Chief's Memos: 1) compounded the failure to provide reports of serious incidents which were withheld by failing to produce the secondary records of serious assaults (Violation #2 above); 2) because these documents would identify whether they were produced to the Sheriff and other high ranking officials, it affected plaintiff's case against defendants County and Baca by depriving plaintiff of information tending to show that those defendants knew about serious assaults and injuries caused by deputies in IRC.

Defendant responded that plaintiff was wrong about the title of the subject documents, and asserted that the information plaintiff sought was not recorded in "Chief's Memoranda". The information, instead, was recorded in "Office Memoranda" or "Captain's Memoranda".

On July 30, 2013, defendants were again ordered to provide "Chief's Memoranda". However, production is still not complete, for reasons unclear to the court.

5.  **Documents Regarding Sheriff Department Rules and Regulations and Other Documents Reviewed by Sheriff Baca**

In the March 14, 2012 Order, defendants were ordered to produce (for the period of January 1, 2007 to the date of production) every study, report, analysis, survey and writing authored, prepared considered or used by defendant Sheriff Baca regarding incidents of violence against inmates in jails, the IRC specifically, training of deputies for work in jails, restrictions and limitations on the use of phones in jails, compliance with Cal. Admin. Code Title 14, and video surveillance and recording in jails.

Plaintiff contended that defendants' complete failure to provide any documents which defendant Baca read or used with regard to IRC, coupled with the failure to provide the Chief's Memoranda discussed above, deprived plaintiff of information which bears on the liability of defendant Baca. Defendants responded they have been unable to determine the identity of such documents, and Sheriff Baca is unable to identify particular documents responsive to plaintiff's discovery request.

In the July 30, 2013 order, these documents were again ordered produced. Defendant has now produced a declaration that production is now complete.

6.  **Reports of Inspections of IRC**

On July 30, 2013, Defendants were ordered to produce for "the period of January 1, 2007 to the date of production" the reports of inspections and all other documents, including correspondence relating to each inspection of IRC by, or on behalf of, the Corrections Standards Authority or the Board of Corrections, or pursuant to California Penal Code Sec. 6031 et. seq., limited to documents dated or prepared on or after January 1, 2007.

Although defendants provided inspection Reports, the County's responses to those reports were not provided. Defendants responded (despite the court's order) that plaintiff did not explain how correspondence from LASD to Department of Corrections would establish compliance or not.  Nevertheless, as of this date, compliance is now complete.

## II. F.R.C.P. 37 SANCTIONS AVAILABLE TO THE COURT

Rule 37(b)(2) provides that the court may issue further "just orders" for not obeying Discovery Orders, including:

(I)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)     prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)     striking pleadings in whole or in part;

(iv)     staying further proceedings until the order is obeyed;

(v)     dismissing the action or proceeding in whole or in part;

(vi)     rendering a default judgment against the disobedient party; or

(vii)     treating as contempt of court the failure to obey any order except an order to submit to a physical ro mental examination.

Payment of Expenses:

Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Rule 37(b)(2)(C).

## III. DISCUSSION

The obvious and overall purpose of discovery under the Federal Rules is to require disclosure of all relevant information, so that the ultimate resolution of disputed issues is based on a full and accurate understanding of the facts and therefore embodies a fair and just result. See United States v. Procter & Gamble Co., 356 U.S. 677, 682, (1958). The Rules are intended to operate with minimal judicial involvement and to rely on the honesty and good faith of counsel in dealing with adversaries. See Rozier v. Ford Motor Co., 573 F.2d 1332, 1345 (5th Cir. 1978) ("Our system of civil litigation cannot function if parties . . . suppress information called for upon discovery.")

For the discovery system to function properly, the costs of resisting discovery must be sufficiently great so that the benefits to be gained form sharp or evasive discovery practices are outweighed by the sanctions imposed when those practices are discovered. It is not enough that an offender belatedly comply with its discovery obligations; "[i]f the only sanction for failing to comply with the discovery rules is having to comply with the discovery rules if you are caught, the diligent are punished and the less than diligent, rewarded." Poole v. Textron, Inc., 192 F.R.D. 494 506 (D.Md. 2000).

Plaintiff has suffered three distinct forms of prejudice as a result of defendants' failure to fully (and expeditiously) comply with the court's discovery Orders. First, plaintiff has been and continues to be denied access to <u>all</u> documents and <u>all</u> potential witnesses that the court has already determined are relevant to the claims and defenses in this action. Without access to the true facts, there can be no just result. Valley Eng'rs Inc. V. Electrical En'g Co., 158 F.3d 1051, 1058 (9th Cir. 1998) ("There is no point to a lawsuit, if it merely applies law to lies. True facts must be the foundation for any just result."). Second, defendants' failure to timely and expeditiously produce documents in response to plaintiff's requests and this court's orders resulted in plaintiff being forced to complete his fact depositions of witnesses before defendants produced the lion's share of its discovery. Finally, plaintiff has been forced to incur substantial attorney's fees as a result of defendants' failure to comply with its discovery obligations and the discovery Orders.

**The Effect of Defendants' Remaining Individual Discovery Failures:**

**Violation No. 1:** Because defendants have failed to timely provide telephone numbers of <u>all</u> potential inmate witnesses, plaintiff has been denied the opportunity to locate witnesses who may support his version of the assault and beating. Without those witnesses, it is now plaintiff's testimony against that of three County employees, two deputy sheriffs and a custody assistant.

**Violation No. 2:** By failing to provide <u>all</u> information on the most serious uses of force on inmates in IRC, defendant County may have deprived plaintiff of substantial evidence which may tend to show that defendant County of Los Angeles has a policy and practice of failing to properly care for inmates and failing to properly supervise and discipline its deputies.

Additionally, as to the individual defendants, the missing records may show that the deputies involved in this incident have been involved in other incidents which would be admissible against them, if appropriate, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," as well as deliberate indifference on the part of the entity defendant.

**Violation No. 3:** Defendants have now fully responded and there is no resulting prejudice.

**Violation No 4:** The failure to produce Chief's Memoranda affects two distinct areas of plaintiff's case. First, it compounds the failure to provide reports of serious incidents which were withheld, (<u>See</u> Violation No. 2 above), by failing to produce the secondary records of serious assaults. Secondly, because these documents likely identify whether they were produced to the Sheriff and/or other high ranking officials, it reflects on plaintiff's case against defendants County and Baca by depriving him of possible information tending to show that those defendants knew about serious assaults and injuries caused by deputies in IRC.

**Violation No. 5:** Defendants declare that they have fully complied, and there is no resulting prejudice.

**Violation No. 6:** Defendants have now fully complied, and there is no resulting prejudice.

///
///
///

## IV. APPROPRIATE SANCTIONS

Plaintiff requests the following alternate sanctions regarding the discovery violations which are ongoing:

a)  That a default judgment be entered against defendants' County of Los Angeles, LASD and Baca for damages to be assessed pursuant to Rule 37(b)(2)(A)(vi), or that the Answers of defendants' County of Los Angeles, LASD and Baca be stricken pursuant to Rule 37(b)(2)(A)(iii).

b)  Pursuant to Rule 37(b)(2)(A)(I), orders establishing the following facts and issues, or precluding defense evidence on those issues pursuant to sub-paragraph (ii) of that Rule:

1.  For Violation No. 1, which has denied plaintiff access to <u>all</u> potential inmate witnesses, an order establishing that plaintiff's Fourth-Amendment rights were violated or, alternatively, precluding defense evidence regarding the beating of plaintiff.

2.  For Violations Nos. 2 and 4, denying plaintiff information regarding uses of force and injuries by LASD employees at the IRC, an order finding that the violation of plaintiff's Fourth Amendment rights was caused by policies and practices of defendants County of Los Angeles, LASD and Baca.

## V. RECOMMENDATION

Considering the history of non-compliance with this court's discovery orders, which even as of this date is not complete; and the importance of which was underscored by Judge Gee in her Order of May 31, 2012, the magistrate judge is tasked with making a recommendation to Judge Gee as to Motion In Limine #5.

The court is most troubled by the fact that compliance with the Orders to produce the names and available telephone numbers of IRC inmates, some of who very likely witnessed the subject event, has been unjustifiably delayed for more than two years, and

still is not complete. The County has offered various opaque, convoluted, but ultimately unpersuasive reasons for failing to comply with this crucial Order. The bottom line is that plaintiff, virtually on the eve of trial, still does not have all the information the County possesses that would be crucial in locating the other inmates. Even if there is total compliance with the court's Order prior to trial, the likelihood is that many, if not a majority, of potential inmate witnesses to the 2010 incident may not be able to be located in 2014, even at significant investigative expense, or if located, may no longer recall details of what they observed four years ago.  As a result, plaintiff will likely be forced to proceed to trial with no testimony of potentially corroborative inmate eyewitnesses.

      Whether this, in itself, warrants outright striking of defendant's pleadings is debatable.  The court is mindful that there is a strong policy in favor of trials on their merits; and that the availability of lesser violations be considered.  The court does understand that the <u>addresses</u> of some 321 witnesses were provided to the plaintiff in 2012. However, the cost of personally contacting 321 former inmates would have been prohibitive; therefore, timely discovery of <u>phone numbers</u> was crucial to plaintiff, and has been sought and ordered at every opportunity.

      On balance, the magistrate judge recommends that the trial date be continued 30 to 60 days after the County fully complies with the order to produce <u>all</u> inmate names and phone numbers; that the reasonable investigative fees incurred by plaintiff to locate and interview the former inmates be borne by the County; and that a jury instruction be fashioned to instruct the jury that  compliance with the 2012 and 2013 discovery Orders to produce inmate information was not complied with until [April] 2014; and that the jury is free to consider this fact when considering why no (or only a few, depending on whether or which former inmates plaintiff is able to locate) were called by plaintiff as witnesses.

      Moreover, the magistrate judge recommends that the defendants be precluded from calling any inmate witnesses at any phase of the trial, whether or not plaintiff

locates and calls any inmate witnesses.

Next, the court is troubled with the failure of defendants to fully comply with order #2 (Records of Other Injuries Caused by Uses of Force in Inmate Reception Center, namely deputy personnel files.) If there is not full compliance with this Order prior to the Pretrial Conference hearing, the court recommends that a jury instruction be fashioned that would instruct the jury that compliance with the 2012 and 2013 Orders as to this issue was never completed, and that the jury is free to consider this fact when evaluating the credibility of Defendants' witnesses. If necessary, plaintiff should be permitted to re-depose deputies, at defendants' expense.

## VI.  MONETARY SANCTIONS WILL BE SEPARATELY ORDERED

Plaintiff is entitled to reimbursement of much of the substantial attorney fees he has incurred as a result of defendants' failure to timely comply with this court's discovery orders. Rule 37(b)(2) provides that, in addition to the other sanctions the court may in its discretion impose, "the court shall require the party failing to obey [an] order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure." Fed.R.Civ.P. 37(b)(2). Except where the offender's conduct was "substantially justified", or an award of expenses is otherwise "unjust" - neither of which describes the present case - Rule 37 sanctions are mandatory and "must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 43 (1976) (*per curiam*).

Sanctions are likewise mandatory under Rule 26(g), which requires that counsel make a reasonable investigation and effort to certify that the client has provided all information and documents available to it which are responsive to a discovery request- something that defendants' counsel has plainly failed to timely or competently do here.

1  Fed.R.Civ.P.26(g)(3) (When Rule 26(g) is violated without substantial justification, "the
2  court . . . *shall* impose upon the person who made the certification, the party on whose
3  behalf the disclosure, request, response, or objection is made, or both, an appropriate
4  sanction, which may include an order to pay the amount the reasonable expenses
5  incurred because of the violation, including a reasonable attorney's fee."
6  Fed.R.Civ.P.26(g)(3) (emphasis added). The court finds without equivocation that
7  defendants' dilatory compliance has been without substantial justification.

8        The court makes no finding as to "bad faith" as to defendants or their attorneys,
9  nor can the court declare that the defendants and their counsel have acted in <u>good</u> faith.
10  Rather, the court finds that the overall stance mounted in opposition to the discovery
11  sought by plaintiff; the extraordinary (but necessary) fees which plaintiff was forced to
12  incur to obtain the relief to which it was entitled; and the unjustified failure of
13  defendants to fully, and within a reasonable period of time, comply with this court's
14  Orders, were all without "substantial justification." This is the legal standard set forth in
15  F.R.Civ.P. 37(a)(4)(A). A separate monetary sanctions order will issue shortly.

16  DATED: <u>March 27, 2014</u>

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE